****E-FILED - 3/18/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROY ANDRES MONTES, | ) | No. C 09-0209 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| | ) | PETITIONER'S REQUEST |
| v. | ) | FOR EXTENSION OF TIME; |
| | ) | DENYING MOTION TO |
| ROBERT HOREL, | ) | APPOINT COUNSEL |
| | ) | |
| Respondent. | ) | (Docket No. 1) |
| | ) | |

On January 16, 2009, petitioner filed a motion to appoint counsel in anticipation of filing a writ of habeas corpus petition. (Docket No. 1.) That same day, the clerk sent a notice to petitioner that, within thirty days, he needed to file a petition as well as a completed application for in forma pauperis status or the required $5.00 filing fee.

On February 9, 2009, the court received a letter from petitioner asking for a blank copy of an in forma pauperis application and requesting an additional 30 days to complete both tasks. Good cause appearing, petitioner is hereby granted an extension of time in which to file an application to proceed in forma pauperis or the filing fee, as well as a petition for habeas corpus. Petitioner shall file both no later than **thirty days** from the filing date of this order.  **Petitioner is warned that failure to submit both the application or filing fee and a completed petition within 30 days of the filing date of this order will result in dismissal of this action.**

Petitioner also requests appointment of counsel because he is untrained in the law and is

1  a mental health patient.  However, the Sixth Amendment's right to counsel does not apply in
2  habeas corpus actions.  <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986).  While 18
3  U.S. C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas
4  petitioner if "the court determines that the interests of justice so require," the courts have made
5  appointment of counsel the exception rather than the rule.  Appointment is mandatory only when
6  the circumstances of a particular case indicate that appointed counsel is necessary to prevent due
7  process violations.  <u>See</u> <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986).

8       Here, petitioner has not yet filed a petition, so the court is unable to determine whether
9  there are any extraordinary circumstances apparent.  Accordingly, the court concludes that
10 appointment of counsel is not necessary at this time.  Petitioner's motion for appointment of
11 counsel (docket no. 1) is DENIED without prejudice.

12      This order terminates docket no. 1.

13      IT IS SO ORDERED.

14 DATED: 3/16/09

                  */s/ Ronald M. Whyte*
15                   RONALD M. WHYTE
                  United States District Judge